Mary POTTS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 56676, 56677.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 27, 1978.

Harry Louis Zimmermann, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds and Jan Potts, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

PHILLIPS, Judge.

These are appeals from convictions for the offense of theft over $200.00. V.T.C.A., Penal Code, Section 31.03. The appellant waived a trial by jury and entered a plea of guilty in each case.

Appellant contends that the evidence is insufficient to support the conviction. Article 1.15, V.A.C.C.P., provides that where a jury is waived in a felony case, "it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."

The State introduced into evidence appellant's confessions without objection. Appellant took the stand and testified that the contents of the confessions were "substantially true and correct." No other testimony was offered. Therefore, in order to determine the sufficiency of the evidence, we must look to the appellant's confessions.[1] The confessions do not state that the property was taken without the owner's effective consent as was alleged in the indictment.

In *Adam v. State*, Tex.Cr.App., 490 S.W.2d 189, the defendant pled guilty to the court and executed a consent to stipulate the evidence. The consent to stipulation read, in pertinent part, as follows:

"Said defendant . . . agrees and stipulates that he, the said defendant, is the identical person named in the indictment in the above styled and numbered cause and that all the acts and allegations in said indictment . . . charging the offense of Sale of a Narcotic Drug to-wit: Heroin are true and correct . . . ."

This Court wrote:

"This 'catch-all' stipulation is sufficient to constitute a judicial confession which will alone support a conviction."

---

1. Appellant's confession in Cause No. F76–863–NJ reads:

"I judicially confess that on the 18 day of December 1975, in Dallas County, Texas, with the intent to deprive the owner, Barney Topporoff, of property, namely, five pantsuits, I did intentionally and knowingly unlawfully exercise control over such property which had a value of at least $200.00 but less than $10,000.00, as charged in the indictment."

Appellant's confession in Cause No. F15–12384–MKJ reads:

"I judicially confess that on the 1 day of November 1975, in Dallas County, Texas, with the intent to deprive the owner, Loretta Anderson, of property, namely, two pantsuits, I did intentionally and knowingly unlawfully exercise control over such property which had a value of at least $200.00 but less than $10,000.00, as charged in the indictment."

In *Miles v. State*, Tex.Cr.App., 486 S.W.2d 326, the defendant's affidavit by which he agreed to the stipulation of testimony and which was admitted into evidence stated, "All the acts and allegations in said indictment charging the offense of Passing as True a Forged Instrument are true and correct . . . ." It is evident, therefore, that an affirmation of the indictment as true and correct will constitute a judicial confession sufficient to support a judgment of conviction.

Should then a judicial confession that one committed an offense as charged in the indictment and an in-court affirmation of that judicial confession constitute compliance with the requirement of Article 1.15, V.A.C.C.P.? We believe it does, especially since there has been no allegation that the appellant was denied a copy of the indictment. In fact, the appellant here admitted before the bench that she understood what she was charged with, that she did not want to hear the charges read to her again, and that the judicial confessions introduced by the State were substantially true and correct. Having concluded the evidence to be sufficient for purposes of Article 1.15, supra, we overrule those contentions of appellant which in effect allege the evidence to be insufficient to sustain the judgment. See generally *York v. State*, Tex.Cr.App., 566 S.W.2d 936.

There being no reversible error, the judgment is affirmed.