NO. 07-04-0501-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 5, 2005


______________________________



RHONDA LEE ROHANE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 84TH DISTRICT COURT OF OCHILTREE COUNTY;



NO. 3884; HON. WILLIAM D. SMITH, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Rhonda Lee Rohane (appellant) appeals from an order revoking her community
supervision and ordering that she serve 18 months in a state jail facility. She had
previously pled guilty to the unauthorized use of a motor vehicle and pursuant to a plea
agreement was placed on community supervision. Her appellate counsel moved to
withdraw and filed an Anders (1) brief in conjunction with that motion. In the brief, he
represents that, after conducting a diligent search, he found no meritorious issues
warranting appeal. Along with his brief, appellate counsel sent appellant a letter informing
her of his conclusions and her right to file a pro se response or brief. We too informed
appellant, by letter, of her right to appear via a pro se response or brief, and we received
her handwritten response on January 3, 2005. Though illegible at times, she posits
reasons purportedly 1) justifying aspects of her conduct that resulted in the revocation of
her probation and 2) explaining why her probation should be reinstated and why she should
be allowed to leave the state. 

 In compliance with the principles enunciated in Anders, appellate counsel illustrated
why the appeal was meritless. So too did he negate the viability of the only issue he
thought potentially arguable. It dealt with appellant's competency. However, neither were
we cited to nor did we find evidence of record illustrating incompetence or obligating the
trial court to conduct a competency hearing. Moreover, the trial court inquired into
appellant's competency at the plea hearing, and she indicated that she was mentally
competent to enter her plea. Her trial counsel also stated that he believed appellant was
competent, and the trial court so found.

 In addition to reading the Anders brief and appellant's pro se response, we also
reviewed the record, sua sponte, as required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991). Our review of those items disclosed no error committed by the trial court
or warranting reversal of its judgment. 

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed. 

 

 Brian Quinn 

 Justice

 

Do not publish. 

 
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). 


AT AMARILLO

PANEL D

AUGUST 5, 2008

______________________________


DETTA SANDERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 25TH DISTRICT COURT OF GUADALUPE COUNTY;

NO. 06-1792-CR; HONORABLE DWIGHT E. PESCHEL, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Detta Sanders, was indicted on six counts of theft, enhanced by three
prior theft convictions. Pursuant to her plea of no contest without an agreement on
punishment, she was convicted and sentenced to two years confinement in a state jail
facility. Presenting a sole issue, she maintains the evidence is legally insufficient to
support her conviction. We affirm.
Background
          By four counts in the indictment, Appellant was charged with theft of items valued
at less than $50 and by the remaining two counts, with theft of items valued at more than
$50 but less than $500. The crimes were committed against six different complainants. 
The indictment further alleged that Appellant was convicted of theft on three previous
occasions.  
Discussion
          Appellant contends by her sole issue that the trial court lacked jurisdiction to
sentence her because the evidence is legally insufficient to raise the misdemeanor thefts
to the level of a felony.


 Specifically, she asserts the State failed to prove the prior theft
convictions. We disagree. 
          An appellate court will affirm a trial court’s judgment under article 1.15 of the Texas
Code of Criminal Procedure Annotated (Vernon 2005), if the State introduced evidence
that embraces every essential element of the offense charged and is sufficient to establish
the defendant’s guilt.


 Chindaphone v. State, 241 S.W.3d 217, 219 (Tex.App.–Fort Worth
2007, pet. ref’d) (citing Wright v. State, 930 S.W.2d 131, 132 (Tex.App.–Dallas 1996, no
pet.). When a misdemeanor theft is elevated to a felony theft, the prior theft convictions
create a new offense and vest jurisdiction in the district court. Diamond v. State, 530
S.W.2d 586, 587 (Tex.Crim.App. 1975). The prior theft convictions become jurisdictional
elements of the theft charge and cannot be waived. Gant v. State, 606 S.W.2d 867, 871
(Tex.Crim.App. 1980). As such, each count in the indictment charged Appellant with a
state jail felony. See generally Tex. Penal Code Ann. § 31.03(e)(4)(D) (Vernon Supp.
2007) (providing that the offense is a state jail felony if the value of the property stolen is
less than $1,500 and the defendant has been previously convicted two or more times of
any grade of theft). 
          A “catch-all” stipulation in which a defendant stipulates that all allegations contained
in the indictment are true and correct is sufficient to constitute a judicial confession which
will alone support a conviction. See Potts v. State, 571 S.W.2d 180, 181 (Tex.Crim.App.
1978). A judicial confession together with an in-court affirmation thereof constitutes
compliance with the requirements of article 1.15. Id. at 182.
          Appellant and her attorney executed a document entitled “Waivers, Stipulations and
Admonishments for Plea of Guilty or No Contest.” The document lists all six counts of the
indictment as well as the enhancement allegations and was introduced into evidence at the
hearing on Appellant’s plea. Paragraph E of the document, entitled “Voluntariness of Plea
and Stipulation of Evidence”, provides in relevant part:
[t]he defendant further admits and stipulates each and every allegation
contained in the indictment herein is true and correct.
 
          Additionally, at the hearing on Appellant’s plea, the trial court asked her numerous
questions about her prior theft convictions. Although Appellant describes the discussion
in the record as “confusing” as to whether she was admitting to the three convictions
alleged in the indictment, the following response to the trial court’s inquiry concerning those
prior theft convictions is unequivocal:
The Court: If you pled guilty, and you were sentenced and placed on
probation, that counts as a conviction.
The Defendant: Okay, I did twice.
 
Although the indictment alleged three prior theft convictions, section 31.03(e)(4)(D) only
requires two prior convictions. Therefore, this admission alone is sufficient to satisfy the
requirements of section 31.03(e)(4)(D). Furthermore, later in the colloquy, Appellant
admitted to the three prior convictions. During this discussion the trial court also
determined that none of the prior convictions had been expunged.
          Notwithstanding that the State did not introduce copies of the previous judgments
into evidence, Appellant’s stipulation and judicial admission are sufficient proof of prior
convictions for enhancement purposes. See Beck v. State, 719 S.W.2d 205, 209-10
(Tex.Crim.App. 1986). We conclude the evidence is legally sufficient to support
Appellant’s conviction. Appellant’s sole issue is overruled.
Conclusion
          Consequently, the trial court’s judgment is affirmed.


                                                                           Patrick A. Pirtle

                                                                                 Justice



 


Do not publish.