IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,565-01




EX PARTE JERRY TEZENO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. C-213-009124-1029782-A 
IN THE 213TH JUDICIAL DISTRICT COURT
FROM TARRANT COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
firearm by a felon, and was sentenced to ten years’ imprisonment. He did not appeal his conviction.
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 
counsel failed to investigate and discover that the prior felony conviction alleged as an element of
this offense did not belong to Applicant. Applicant also alleges that there was no evidence to
support this element of the offense.
            The State concedes that the conviction for delivery of a controlled substance in cause number
0855335A, alleged as an element of this offense, did not belong to Applicant, but rather to another
individual. The State and the trial court recommend that relief be granted on the basis that there was
no evidence to support an element of Applicant’s conviction. However, Applicant pleaded guilty
to the offense as alleged in the indictment, stipulated to the evidence and signed a judicial
confession. An applicant's written judicial confession, oral judicial confession, and the stipulation
of evidence are generally sufficient to support the guilty plea and the conviction. Dinnery v. State,
592 S.W.2d 343 (Tex. Crim. App. 1979); Ferguson v. State, 571 S.W.2d 908 (Tex. Crim. App.
1978); Potts v. State, 571 S.W.2d 180 (Tex. Crim. App. 1978).
            However, the question remains as to why Applicant’s trial counsel failed to investigate the
validity of the prior felony conviction alleged as an element of this offense. Furthermore, it is
unclear from the record whether Applicant had other prior felony convictions which could have been
used in place of the erroneous conviction to support this charge.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether counsel investigated the validity of
the prior felony conviction alleged as an element of this offense. If not, the trial court shall make
findings as to why not. The trial court shall also make findings as to whether Applicant could have
been properly charged with this offense using another prior felony conviction. The trial court shall
make findings as to whether the performance of Applicant’s trial attorney was deficient and, if so,
whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 15, 2010
Do not publish