

# NUMBER 13-09-00651-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

OSCAR MARTINEZ,                                                                     Appellant,

v.

THE STATE OF TEXAS,                                                                 Appellee.

### On appeal from the 94th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Chief Justice Valdez

Appellant, Oscar Martinez, was charged by indictment with unlawful possession of a firearm by a felon, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04(a), (e) (Vernon Supp. 2010). Without the benefit of a plea bargain, Martinez entered a plea of "guilty" to the charged offense. The trial court accepted Martinez's plea, found him

guilty of the charged offense, and sentenced him to eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By two issues, Martinez argues that: (1) the stipulated evidence admitted against him is insufficient to sustain his conviction; and (2) his trial counsel was ineffective. We affirm.

## I.    BACKGROUND

On February 26, 2009, police were dispatched to 2726 South Padre Island Drive in Corpus Christi, Texas, to investigate a report of shots being fired. Police first contacted Manuel Deleon who told them that he had heard shots fired near the apartment located behind his house, where Martinez lived with Jesusa Garcia.[1] Deleon observed Martinez, who was walking from the rear of the apartment to the front, throw something into the nearby sewer. Deleon asked Martinez what the noise was, and Martinez told him that it was fireworks. Police also spoke to another eyewitness, Hipolito Gonzalez, who recalled seeing a dark Hispanic male shooting five rounds of ammunition near the apartment where Martinez lived. Timothy Wright told police that he saw a young Hispanic male shooting four or five rounds of ammunition near the same apartment. Wright could only see the gunman's profile, but he did note that the gunman was wearing a white shirt, had short, black hair, and appeared to be in his twenties. Julie Murphy, another eyewitness, recalled hearing four or five gunshots as she was about to go outside. When she looked out her door, Murphy saw a man walking from a rear-area driveway from a house towards a city trash can. Murphy thought the man was going to throw something in the trash can, but he refrained and instead threw something in the sewer. Murphy described the man as a Hispanic male in

---

[1] The nearby apartment from where the shots were fired is owned by Deleon, and he rented the apartment to Garcia.

2

his early twenties with short, dark hair, about 5'9", and a thin-to-medium build. Murphy also told police that the man was wearing blue jeans and a white shirt.

After speaking to the various eyewitnesses, Corpus Christi police attempted to speak with Martinez at the apartment. When police arrived, Martinez opened the door; however, when he was asked to step outside, Martinez closed the door and refused to speak with police. Corpus Christi police then contacted SWAT teams and hostage negotiators for backup. After some time, Martinez surrendered to police. Murphy later identified the man arrested—Martinez—as the same man who threw something down the sewer. A search of the apartment did not yield a firearm; however, police found five spent .357 casings in the nearby sewer.[2] One of the reports prepared by the responding police officers noted that Martinez told his mother that "he wasn't gonna tell us [police] where the weapon was."

The State indicted Martinez with unlawful possession of a firearm by a felon. *See id.* Without the benefit of a plea bargain, Martinez pleaded "guilty" to the charged offense and stipulated to the truth of the facts contained in the State's exhibits, which included numerous police reports documenting the incident. The trial court accepted Martinez's plea and found him guilty. During the punishment phase, the State introduced evidence of Martinez's prior convictions, all of which was admitted.[3] Martinez's trial counsel argued that he should be sentenced to, at most, three years'

---

[2] Police tested Martinez's hands for residue of gun powder; however, the results of this test were not included in the record.

[3] Among Martinez's prior convictions included judgments indicating that he had been convicted of: (1) second-degree-felony burglary of a habitation on November 9, 2000; (2) state-jail-felony burglary of a building on November 15, 2000; (3) misdemeanor criminal mischief on November 6, 2000; (4) state-jail-felony evading arrest with a motor vehicle on March 30, 2007; (5) misdemeanor assault on May 4, 2008; and (6) second-degree-felony indecency with a child on February 23, 2000.

3

confinement with credit for time served. However, the trial court sentenced Martinez to eight years' confinement and certified Martinez's right to appeal. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE SUPPORTING MARTINEZ'S CONVICTION

In his first issue, Martinez asserts that the stipulated evidence is insufficient to prove beyond a reasonable doubt that: (1) he possessed a firearm; and (2) this offense occurred less than five years from the date he had been released from prison on his indecency-with-a-child conviction.

## A. Applicable Law

With regard to the sufficiency of the evidence supporting a defendant's plea of guilty, the court of criminal appeals has stated the following:

> The United States Constitution does not require that the State present evidence in support of a guilty plea in Texas Courts. Article 1.15 constitutes an additional procedural safeguard required by the State of Texas but not by federal constitutional law.[4] No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty without sufficient evidence to support the same. Evidence offered in support of a guilty plea may take many forms. The statute expressly provides that the defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy; and such a proffer or stipulation of evidence will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense.
>
> Alternatively, our case law has recognized that the defendant may enter a sworn written statement, or may testify under oath in open court,

---

[4] Article 1.15 of the code of criminal procedure provides, in relevant part, that:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the [S]tate to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.

TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005).

4

specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea. However, a stipulation of evidence or judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict. A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error.

*Menefee v. State*, 287 S.W.3d 9, 13-14 (Tex. Crim. App. 2009) (internal footnotes, citations, and quotation marks omitted). "'[A]n affirmation of the indictment as true and correct will constitute a judicial confession sufficient to support a judgment of conviction.'" *Id.* at 16 n.30 (quoting *Potts v. State*, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978)).

## B. Discussion

In this case, Martinez was charged with violating section 46.04(a) of the penal code, which provides that:

A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described in Subdivision (1), at any location other than the premises at which the person lives.

TEX. PENAL CODE ANN. § 46.04(a). Martinez stipulated to the evidence contained in State's exhibit 1, which included all of the police reports pertaining to this incident. In those reports, police described statements made by the various eyewitnesses—Deleon, Murphy, Gonzalez, and Wright—who identified Martinez as the individual who shot a gun four or five times outside his residence and then attempted to dispose of the gun's

5

shell casing by throwing them into the sewer. Moreover, the State tendered copies of the judgments for Martinez's prior convictions, which included, among others, a felony conviction for indecency with a child. Thus, the evidence is sufficient to prove that Martinez was a convicted felon and that he was in possession of a firearm on the evening of February 26, 2009. Nevertheless, we must closely examine whether the evidence satisfies the five-year time period prescribed in section 46.04(a)(1). *See id.* § 46.04(a)(1).

The judgment used to support Martinez's conviction under section 46.04—the indecency-with-a-child offense—reflects that Martinez was convicted on February 23, 2000, and that he received a five-year prison sentence with sixty-eight days of credit for time served. It is not clear from the record before us when Martinez was released from confinement on the indecency-with-a-child offense. Nevertheless, it is of particular importance that Martinez signed a judicial confession and stipulation which provided the following:

> On this day in open Court, I, OSCAR MARTINEZ, waive my right against self-incrimination and hereby judicially confess that on or about **FEBRUARY 26, 2009**, in Nueces County, Texas, did then and there, having been convicted of the felony offense of INDECENCY WITH A CHILD on FEBRURY [sic] 23, 2000, in cause number 830884 in the 263RD DISTRICT COURT of HARRIS County, Texas, entitled the State of Texas vs. OSCAR SALDANA Martinez; intentionally or knowingly possess a firearm before the fifth anniversary of my release from confinement or supervision under community supervision or parole or mandatory supervision following conviction of said felony.
>
> I hereby agree and stipulate that the facts contained in this instrument and its attached exhibits, if any, are true and correct.

(Emphasis in original.) Clearly, in his judicial confession and stipulation, Martinez specifically confesses to possessing a firearm before the fifth anniversary of his release

6

for the indecency-of-a-child conviction. And as noted above, such a confession is sufficient to support the trial court's finding of guilt with respect to the five-year time period prescribed in section 46.04(a)(1). *See Menefee*, 287 S.W.3d at 13-14, 16 n.30; *see also Potts*, 571 S.W.2d at 182.

Because the stipulation of evidence and Martinez's judicial confession addressed every constituent element of the charged offense, we conclude that the evidence supporting Martinez's guilty plea is sufficient. *See Menefee*, 287 S.W.3d at 13-14, 16 n.30; *Potts*, 571 S.W.2d at 182; *see also Garza v. State*, No. 13-09-178-CR, 2010 Tex. App. LEXIS 2117, at **12-14 (Tex. App.–Corpus Christi Mar. 25, 2010 no pet.) (mem. op., not designated for publication). Martinez's first issue is overruled.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Martinez contends that his trial counsel was ineffective because counsel did not present any mitigating evidence at the punishment hearing. The State counters that Martinez has failed to demonstrate that his trial counsel was ineffective for failing to present any mitigation evidence because: (1) he did not file a motion for new trial raising the issue; and (2) he does not explain on appeal what witnesses and evidence were available and would have benefitted him at the punishment hearing.

### A. Applicable Law

To establish ineffective assistance of counsel, Martinez must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668,

7

684 (1984); *Dewberry v. State*, 4 S.W.3d 735, 757 (Tex. Crim. App. 1999) (holding that appellant must show a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt as to appellant's guilt); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Whether this test has been met is to be judged on appeal by the totality of representation, not by any isolated acts or omissions. *Jaynes*, 216 S.W.3d at 851. Martinez has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).

Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if Martinez overcomes the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). Moreover, the acts or omissions that form the basis of Martinez's claims of ineffective assistance must be supported by the record. *Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851. A silent record which provides no explanation for counsel's actions usually will not overcome the strong presumption of reasonable assistance. *Thompson*, 9 S.W.3d at 813-14. To warrant reversal without affording counsel an opportunity to explain her actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*,

220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

## B. Discussion

At the outset of our analysis of Martinez's second issue, we note that Martinez did not file a motion for new trial; thus, a hearing was not conducted to allow Martinez's trial counsel an opportunity to explain her trial strategy.[5]  *See Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009) (citing *State v. Gonzalez*, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993) (plurality opinion)) (noting that the purpose of a hearing to consider a motion for new trial is to decide whether to retry the case and, in the event the motion is denied, to prepare a record for presenting issues on appeal).  Given that a silent record ordinarily will not overcome the strong presumption of reasonable assistance, we will review Martinez's appellate complaint to determine whether trial counsel's alleged failure to present any mitigating evidence during the punishment hearing was "so outrageous that no competent attorney would have engaged in it."  *See Roberts*, 220 S.W.3d at 533; *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813-14.

Texas courts have held that counsel's failure to present evidence at the punishment hearing is irrelevant absent a showing that mitigating evidence was available and that the defendant would have benefitted from the evidence.  *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) ("To obtain relief on an

---

[5] On appeal, Martinez argues that he could not file a motion for new trial because he was appointed counsel more than thirty days after the judgment was signed.  *See* TEX. R. APP. P. 21.4(a) (providing that a motion for new trial must be filed within thirty days of the date the trial court imposes the defendant's sentence in open court).  In any event, we still consider Martinez's ineffective assistance claim despite the silent record on counsel's actions because we must determine whether the challenged conduct is so outrageous that no competent attorney would have engaged in it.  *See Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007); *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

ineffective assistance of counsel claim based on an uncalled witness, the applicant must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense."); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (declining to find counsel ineffective for failing to call witnesses during punishment where appellant did not demonstrate that the witnesses were available or how he would benefit from their testimony); *Rangel v. State*, 972 S.W.3d 827, 835-36 (Tex. App.–Corpus Christi 1998, pet. ref'd) (declining to find counsel ineffective where counsel failed to call witnesses during the guilt-innocence phase because appellant failed to show that there were witnesses available which could have provided helpful testimony); *see also Ex parte Woods*, 176 S.W.3d 224, 226 (Tex. Crim. App. 2005) (stating that "*Strickland* does not require defense counsel to investigate each and every potential lead, or present any mitigating evidence at all . . . .").

In the instant case, Martinez has not listed any witnesses or evidence that trial counsel could have used as mitigating evidence during the punishment hearing, nor has he explained how such evidence would have benefitted him during the punishment hearing. *See Ex parte White*, 160 S.W.3d at 52; *King*, 649 S.W.2d at 44; *Rangel*, 972 S.W.3d at 835-36; *see also Ex parte Woods*, 176 S.W.3d at 226. Because *Strickland* does not require trial counsel to present mitigating evidence and because Martinez has not listed any witnesses or evidence that trial counsel could have used and how it would have benefitted him during the punishment hearing, we cannot say that trial counsel's alleged error was so outrageous that no competent attorney would have engaged in it. *See Ex parte Woods*, 176 S.W.3d at 226; *Ex parte White*, 160 S.W.3d at 52; *King*, 649 S.W.2d at 44; *Rangel*, 972 S.W.3d at 835-36; *see also Roberts*, 220 S.W.3d at 533;

10

*Goodspeed*, 187 S.W.3d at 392. Thus, Martinez has not satisfied his burden in demonstrating that trial counsel's representation was ineffective.[6] *See Strickland*, 466 U.S. at 684; *Thompson*, 9 S.W.3d at 813. Accordingly, we overrule Martinez's second issue.

## IV. CONCLUSION

Having overruled both of Martinez's issues on appeal, we affirm the judgment of the trial court.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
24th day of March, 2011.

---

[6] It is noteworthy that, in his judicial confession and stipulation, Martinez stated that he was "satisfied with [his] attorney's representation."

11