NO. 07-12-0097-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 20, 2012

_____

JOHNATHON LEWIS VASQUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 11-11-7452; HONORABLE PAT PHELAN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

After an open plea of guilty, appellant Johnathon Lewis Vasquez was convicted by the trial court of the offense of escape and sentenced to four years incarceration and a fine of $1,500. Appellant argues that the evidence is insufficient to support the offense of escape because the judicial confession did not recite the elements of the charge and appellant's testimony showed at most the offense of attempted escape. We affirm the judgment.

Article 1.15 of the Code of Criminal Procedure provides that it is "necessary for the state to introduce evidence into the record showing the guilt of the defendant" upon his plea of guilty to a felony and that he may not be convicted "upon his plea without sufficient evidence to support the same." TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). A judicial confession alone is sufficient to sustain a conviction upon a guilty plea. *Dinery v. State,* 592 S.W.2d 343, 353 (Tex. Crim. App. 1979). However, the judicial confession must cover all the elements of the charged offense. *Menefee v. State,* 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). As for the charge at bar, a person commits the offense of escape if he escapes from custody when he is under arrest for or lawfully detained for an offense. TEX. PENAL CODE ANN. § 38.06(a)(1) (West Supp. 2012).

Here, the sworn judicial confession, which was admitted into evidence, stated that appellant had "read the charging instrument," that his attorney had explained it to him, and that he "committed each and every element alleged." He further confessed he was "guilty of the offense and all lesser included offenses charged against [him] in this case." The indictment alleged that appellant "intentionally or knowingly escape[d] from the custody of Mateo Lopez, who was then and there a peace officer of Hockley, County, Texas, when the defendant was under arrest for the offense of possession of marihuana." That language tracks each element of the crime described in § 38.06(a)(1) of the Penal Code, and appellant's confession to committing "each and every element alleged" in the charging instrument is sufficient to sustain the conviction. Indeed, such a statement is no different than admitting that the allegations of the indictment are true and correct. In either situation, the defendant acknowledges that the averment is true or accurate. And, in so acknowledging, the defendant provides the necessary evidence to

2

support his conviction. *See Menefee v. State*, 287 S.W.3d at 13 (stating a sworn written statement by the defendant wherein he acknowledges the truth and correctness of the allegations in an indictment is enough to support conviction); *accord Potts v. State*, 571 S.W.2d 180, 181-82 (Tex. Crim. App. 1978) (stating that a judicial confession is sufficient to sustain a conviction upon a guilty plea even if the defendant does nothing more than affirm that the allegations in the indictment are true and correct); *Tabora v. State,* 14 S.W.3d 332, 338 (Tex. App.–Houston [14th Dist.] 2000, no pet.) (holding the same).

Accordingly, the judgment of the trial court is affirmed.


Per Curiam

Do not publish.