# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00510-CR

**John Garza, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 67222, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING**

## M E M O R A D U M   O P I N I O N

John Garza appeals his felony conviction for intoxication manslaughter. In two points of error, he argues that the evidence was legally insufficient to support his plea of guilty and that the trial court abused its discretion in denying his motion to withdraw his plea. We will affirm the judgment of conviction.

## BACKGROUND

Garza was indicted for intoxication manslaughter after the vehicle he was driving collided head-on with another vehicle, killing that vehicle's driver. Garza's blood-alcohol level was 0.22. At the time of the present offense, Garza was on probation for a DWI he had received a few weeks prior in another county. Garza is an army veteran who suffers from serious post-traumatic stress disorder (PTSD) and other medical and psychological conditions.

Garza waived a trial by jury, signed a confession, and entered a guilty plea. The trial court admonished Garza about his plea and its consequences, found that Garza was competent to make the plea and was entering it freely and voluntarily, and accepted the plea and took the case under advisement, ordering a presentence investigation in preparation for the bench trial on punishment. Before the punishment trial, Garza engaged new trial counsel and filed a motion to withdraw his guilty plea. The motion asserted merely that he no longer wished to plead guilty.

The trial court conducted a hearing on Garza's motion to withdraw his plea at the beginning of the punishment trial. Both Garza and his original trial attorney testified. Garza's testimony alleged that he did not remember the events of the date in question because he suffered a flashback and that he did not realize that a no-contest plea might have been an option. The trial court denied his motion to withdraw the plea and proceeded to the sentencing hearing, setting Garza's punishment at 16 years' incarceration.

## DISCUSSION

### Sufficiency of the evidence

Garza's first point of error asserts that the evidence was legally insufficient to support his guilty plea because the "essential element" of the voluntariness of his criminal conduct was neither proven nor confessed. He cites section 6.01(a) of the penal code as requiring the State to plead and prove, in addition to the specific elements of the particular criminal offense, that the defendant's conduct was voluntary. *See* Tex. Penal Code § 6.01(a) ("A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession."). However,

2

voluntariness of the criminal conduct is a defensive issue that need not be pled in the indictment, and the State need not prove voluntariness unless the issue of involuntariness is raised by the evidence. *Alford v. State*, 866 S.W.2d 619, 624 n.8 (Tex. Crim. App. 1993) (en banc); *Lugo-Lugo v. State*, 650 S.W.2d 72, 76 (Tex. Crim. App. 1983) (en banc). Our review of the record reveals that at no time before Garza's plea was accepted and taken under advisement by the trial court did he raise the issue of the voluntariness of his conduct or present evidence pertaining thereto.[1] Therefore, the State was not required to plead or prove that element.

A person may be convicted of a felony upon entering a guilty plea only if the State has introduced sufficient evidence supporting the conviction. Tex. Code Crim. Proc. art. 1.15; *Dinnery v. State*, 592 S.W.2d 343, 351 (Tex. Crim. App. 1979). To satisfy article 1.15, the State is required to introduce supporting evidence that "embrace[s] every essential element of the offense charged." *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). The statute under which Garza was indicted and convicted requires the State to establish that (1) the defendant (2) operated a motor vehicle in a public place (3) while intoxicated and, (4) by reason of that intoxication, caused the death of another by accident or mistake. Tex. Penal Code § 49.08. Both the indictment and the judicial confession Garza signed articulated the four required elements.

The entry of a valid and voluntary plea of guilty has the effect of admitting all material facts alleged in the formal criminal charge. *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex.

---

[1] Garza submits that evidence of the "involuntariness" of his criminal conduct was presented at the hearing on his motion to withdraw his guilty plea, which occurred *after* the court had already accepted his plea and taken the case under advisement. We address this issue *infra* in our discussion of the trial court's ruling on Garza's motion to withdraw his plea.

3

Crim. App. 1986). Also, a judicial confession alone is sufficient to sustain a conviction upon a guilty plea and satisfies the State's burden under article 1.15. *Potts v. State*, 571 S.W.2d 180, 181-82 (Tex. Crim. App. 1978); *Tijerina v. State*, 264 S.W.3d 320, 323-24 (Tex. App.—San Antonio 2008, no pet.). The appellate court must limit its review to a determination of whether the State has introduced evidence of guilt embracing every essential element of the offense charged. *Tijerina*, 264 S.W.3d at 323.

The evidence in the form of Garza's plea and confession was supportive of every element the State was required to prove. We overrule Garza's first point of error.

**Motion to withdraw plea**

Garza's second point of error alleges that his guilty plea was invalid and involuntary because he was not fully informed by his original trial attorney of the availability to him of the "voluntary conduct" defense and that, had he known about the defense, he would not have entered his guilty plea. He argues that the trial court abused its discretion in denying his motion to withdraw his plea, in light of these facts. Garza asserts that his plea was not "voluntary" because he did not know and was not advised by his trial counsel that he could have asserted the defense that his criminal acts (becoming intoxicated and then driving) were involuntary due to his blackouts, flashbacks, and corresponding memory lapses resulting from his PTSD.

After the trial court accepts a defendant's plea of guilty and takes the case under advisement, the defendant may no longer withdraw his plea as a matter of right, and the decision on whether to permit the withdrawal lies within the sound discretion of the trial court. *See Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). We will find an abuse of discretion only when

4

the trial court's decision is so clearly wrong as to be outside the zone of reasonable disagreement, that is, only if the trial court acted arbitrarily and unreasonably and without reference to guiding rules and principles. *Saldana v. State*, 150 S.W.3d 486, 491 (Tex. App.—Austin 2004, no pet.).

Proper admonishment by the trial court regarding the consequences of a defendant's plea creates a prima facie showing that the guilty plea was entered voluntarily and knowingly. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). However, the defendant may still raise the claim that his plea was not voluntary; in doing so, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Id.* In considering the voluntariness of a guilty plea, the court should examine the record as a whole. *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). Courts have noted that the "standard of voluntariness requires full awareness of the direct consequences" of the plea. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985) (en banc). A defendant's decision to plead guilty when based upon erroneous advice of counsel is not done voluntarily and knowingly. *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991).

Here, the trial court properly admonished Garza of the direct consequences of his guilty plea, and Garza competently acknowledged his understanding of such consequences. Thus, the burden fell to him to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm by entering it. The only arguments and evidence Garza presented at the hearing on his motion to withdraw pertained to his inability to remember the events of the date of the alleged offense, possibly due to a flashback, and his new attorney's dissatisfaction that Garza was not offered a no-contest plea option. He did not advance the argument that he entered his plea involuntarily, nor did he allege that his original trial counsel rendered ineffective assistance

5

or did not fully consider and discuss with him the defenses that might be available to him. In fact, Garza's new trial counsel acknowledged to the trial court that Garza had no issues with the original counsel's representation.

Additionally, Garza's original counsel testified at the plea-withdrawal hearing that he "didn't leave a stone unturned" in reviewing the case with Garza, who was able to speak "fluidly" with him, and that he had been able to get the State to drop the deadly weapon allegation due to Garza's guilty plea, which allowed for probation to be a punishment option. He did not testify directly on the issue of which specific defenses he considered and discussed with Garza because Garza's new counsel did not question him on that topic. Garza's original counsel also rebutted Garza's testimony that he did not remember his actions on the date in question by revealing that Garza had told him that he was feeling stressed, which led him to drink and then drive.

Assuming arguendo that Garza's unawareness of the potential defense of "involuntary conduct" could render his guilty plea involuntary, Garza did not sufficiently inform the trial court of this concern or introduce evidence supporting it.[2] Nor did Garza raise the issue of ineffective assistance of counsel in this appeal. On this record, we conclude that the trial court did not abuse its discretion in denying Garza's motion to withdraw his guilty plea. We accordingly overrule Garza's second point of error.

---

[2] We also note that Garza introduced no evidence that his physical actions were the result of unconsciousness, automatism, or other altered mental states. His testimony alleged merely that he was unable to remember the events on the date in question and the last thing he remembered before waking up in the hospital after the accident was a war flashback. This Court has held that a defendant's testimony that he suffers amnesia and could not remember the events in question was not sufficient to raise the defense of involuntariness of criminal conduct due to unconsciousness or automatism. *See Peavey v. State*, 248 S.W.3d 455, 465 (Tex. App.—Austin 2008, pet. ref'd).

**CONCLUSION**

For the foregoing reasons, we overrule both points of error and affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   February 4, 2014

Do Not Publish