

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00061-CR

_____

JAMAL TYRECE TENNON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 25201

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Jamal Tyrece Tennon pled guilty to aggravated robbery with a deadly weapon[1] and unlawful possession of a firearm.[2] The only agreements as to punishment were (1) that the maximum sentence for the aggravated robbery was thirty years' imprisonment and (2) that the maximum sentence for the firearm charge was ten years' imprisonment. After a punishment hearing, the trial court sentenced Tennon to twenty-four and ten years' imprisonment, respectively. After reviewing the record, Tennon's appellate attorney filed a brief stating he found no viable grounds for appeal; counsel also filed a motion to withdraw from his representation of Tennon in this matter as required by *Anders v. California*.[3] Tennon has filed a document we will construe as his pro se response to counsel's *Anders* brief.

We interpret Tennon's complaints to be (1) that the evidence is insufficient to support his convictions, (2) that his trial counsel provided ineffective assistance, and (3) that he only should have been convicted of and sentenced for robbery, a second degree felony.

Tennon signed a judicial confession acknowledging that he had read or been read the indictment and that he committed the offenses listed in that charging instrument. The indictment alleged Tennon intentionally or knowingly, while committing the offense of theft of property and with the intent to obtain or maintain possession of that property, threatened or placed the victim in fear of imminent bodily injury while using and/or exhibiting a deadly weapon. The indictment

---

[1]*See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

[2]*See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011).

[3]*See Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

also alleged that Tennon had been convicted of a specific felony and that, within five years of release from confinement for said felony, he knowingly or intentionally possessed a firearm. The record also contains a judgment memoralizing this conviction.

At the plea hearing, Tennon told the trial court that he was guilty of both counts. He acknowledged his signature on the judicial confession, which he had reviewed with his attorney, and he acknowledged that he understood the judicial confession when he signed it. Tennon also specifically stated that the allegation that he used or exhibited a deadly weapon was true. At the sentencing hearing, Tennon specifically stipulated to his prior convictions, including the prior felony conviction that served as the predicate to the unlawful possession of a firearm charge. Tennon also acknowledged that he previously pled guilty to both counts in the indictment and that he understood the agreement in place to limit punishment to thirty years' imprisonment for the aggravated robbery charge and ten years' imprisonment for the felon in possession of a firearm charge.

A judicial confession acknowledging guilt of the indictment's allegations is sufficient to meet the requirements of Article 1.15 of the Texas Code of Criminal Procedure and to sustain a conviction. *See Dinnery v. State*, 592 S.W.2d 343, 352–53 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g); *Potts v. State*, 571 S.W.2d 180, 182 (Tex. Crim. App. [Panel Op.] 1978); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). There was sufficient evidence to support both of the trial court's judgments of conviction in this case.

Tennon also complains of the representation he received from his appointed trial attorney. He claims the attorney did not prepare him for trial and allowed him to be cross-

3

examined by the State. However, Tennon told the trial court he had discussed his case with his attorney, including the judicial confession and issues related to his signing that document. The trial court admonished Tennon about the dangers and consequences of waiving his right to a jury trial and of electing court-assessed punishment, and Tennon said he understood.

There is nothing in the record to suggest that Tennon received ineffective assistance of counsel or, if he did, that he was prejudiced by such representation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record must affirmatively demonstrate ineffective assistance of counsel; a claim cannot "be built on retrospective speculation" but must be firmly rooted in the record. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). This record does not meet that requirement.

The State produced substantial evidence at the punishment hearing including (1) a picture from the convenience store of a person witnesses described as Tennon, (2) testimony from the store clerk identifying the person in the picture as the robber,[4] and evidence that several items tying Tennon to the robbery—items of clothing and cigarettes of the same brand taken during the robbery—had been recovered from Tennon's closet at the time of his arrest. Tennon presented testimony from several family members who described him as a nonviolent, peaceable, well-intentioned young man.

Tennon complains about the length of his sentences. He suggests he was told by his attorney that he would be out of prison in two years. However, there is nothing in the record to support this contention and the trial court clearly admonished Tennon on the range of

---

[4]The clerk did not specifically identify Tennon as the robber, and the State never asked him to make that identification. However, the investigating officer stated that, during the investigation, the clerk identified Tennon.

punishment, including an upper limit of thirty years' imprisonment for the aggravated robbery charge.

As for the State's cross-examination, the trial court advised Tennon that he had the right not to testify and warned that if he did testify the State could cross-examine him about his "testimony, the facts of the underlying criminal convictions. There's a whole number of things he might cross-examine you on," which logically included the facts of the instant case and questions designed to impugn the credibility of Tennon's testimony. Tennon acknowledged that he understood his rights and the dangers of waiving those rights, that the decision to testify was solely his, and that the trial court would not view his refusal in a negative light or otherwise hold the decision not to testify against him.

Tennon complains that the State questioned him about the facts of the instant case as "if [he] were going through trial when he was only suppose[d] to be sentenced." Evidence may be adduced at punishment as to any matter the trial court deems relevant, including the circumstances of the offense for which the defendant stands trial. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2014). There was no error in allowing the State's cross-examination of Tennon and there is nothing about appointed counsel's handling of the State's cross-examination which can be called ineffective representation.

Tennon claims he could only have been found guilty of robbery, not aggravated robbery, because no one was injured in the robbery. However, injury is not an element of aggravated robbery. As charged in the indictment, Tennon committed aggravated robbery in this case if he committed theft of property and in the course of such theft intentionally or knowingly threatened

5

or placed another person in fear of imminent bodily injury or death while using or exhibiting a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03 (West 2011). Tennon pled guilty to aggravated robbery and "true" to the allegation that he used or exhibited a deadly weapon. The store clerk testified that the robber threatened to shoot him if he pressed the store's silent alarm, that his (the clerk's) heart was racing during this encounter, and that, after this robbery, the clerk quit his job at the store and started looking for a different job. The evidence supports a conviction for aggravated robbery.

We affirm the trial court's judgments and sentences.[5]

Jack Carter
Justice

Date Submitted:    October 16, 2014
Date Decided:     November 6, 2014

Do Not Publish

---

[5]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.