NUMBER 13-09-00651-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



OSCAR MARTINEZ,                                                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                
Appellee.

 

 



On appeal from the 94th District
Court

of Nueces County, Texas.

 

 



 MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Benavides

Memorandum Opinion by Chief Justice
Valdez

 

Appellant, Oscar Martinez,
was charged by indictment with unlawful possession of a firearm by a felon, a
third-degree felony.  See Tex.
Penal Code Ann. § 46.04(a), (e) (Vernon Supp. 2010).  Without the
benefit of a plea bargain, Martinez entered a plea of “guilty” to the charged
offense.  The trial court accepted Martinez’s plea, found him guilty of the
charged offense, and sentenced him to eight years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  By two
issues, Martinez argues that:  (1) the stipulated evidence admitted against him
is insufficient to sustain his conviction; and (2) his trial counsel was
ineffective.  We affirm.

I.             
Background

On February 26, 2009,
police were dispatched to 2726 South Padre Island Drive in Corpus Christi,
Texas, to investigate a report of shots being fired.  Police first contacted
Manuel Deleon who told them that he had heard shots fired near the apartment
located behind his house, where Martinez lived with Jesusa Garcia.[1]  Deleon observed
Martinez, who was walking from the rear of the apartment to the front, throw
something into the nearby sewer.  Deleon asked Martinez what the noise was, and
Martinez told him that it was fireworks.  Police also spoke to another
eyewitness, Hipolito Gonzalez, who recalled seeing a dark Hispanic male
shooting five rounds of ammunition near the apartment where Martinez lived. 
Timothy Wright told police that he saw a young Hispanic male shooting four or
five rounds of ammunition near the same apartment.  Wright could only see the
gunman’s profile, but he did note that the gunman was wearing a white shirt,
had short, black hair, and appeared to be in his twenties.  Julie Murphy,
another eyewitness, recalled hearing four or five gunshots as she was about to go
outside.  When she looked out her door, Murphy saw a man walking from a
rear-area driveway from a house towards a city trash can.  Murphy thought the
man was going to throw something in the trash can, but he refrained and instead
threw something in the sewer.  Murphy described the man as a Hispanic male in
his early twenties with short, dark hair, about 5’9”, and a thin-to-medium
build.  Murphy also told police that the man was wearing blue jeans and a white
shirt.  

After speaking to the
various eyewitnesses, Corpus Christi police attempted to speak with Martinez at
the apartment.  When police arrived, Martinez opened the door; however, when he
was asked to step outside, Martinez closed the door and refused to speak with
police.  Corpus Christi police then contacted SWAT teams and hostage
negotiators for backup.  After some time, Martinez surrendered to police.  Murphy
later identified the man arrested—Martinez—as the same man who threw something
down the sewer.  A search of the apartment did not yield a firearm; however,
police found five spent .357 casings in the nearby sewer.[2]  One of the
reports prepared by the responding police officers noted that Martinez told his
mother that “he wasn’t gonna tell us [police] where the weapon was.”

The State indicted Martinez
with unlawful possession of a firearm by a felon.  See id.  Without the
benefit of a plea bargain, Martinez pleaded “guilty” to the charged offense and
stipulated to the truth of the facts contained in the State’s exhibits, which
included numerous police reports documenting the incident.  The trial court
accepted Martinez’s plea and found him guilty.  During the punishment phase,
the State introduced evidence of Martinez’s prior convictions, all of which was
admitted.[3] 
Martinez’s trial counsel argued that he should be sentenced to, at most, three
years’ confinement with credit for time served.  However, the trial court sentenced
Martinez to eight years’ confinement and certified Martinez’s right to appeal. 
This appeal followed.

II.           
Sufficiency of the Evidence Supporting Martinez’s Conviction

In his first issue, Martinez
asserts that the stipulated evidence is insufficient to prove beyond a
reasonable doubt that:  (1) he possessed a firearm; and (2) this offense
occurred less than five years from the date he had been released from prison on
his indecency-with-a-child conviction.

A.   Applicable Law

With regard to the
sufficiency of the evidence supporting a defendant’s plea of guilty, the court
of criminal appeals has stated the following:

The United States Constitution does not require that the
State present evidence in support of a guilty plea in Texas Courts.  Article
1.15 constitutes an additional procedural safeguard required by the State of
Texas but not by federal constitutional law.[[4]] 
No trial court is authorized to render a conviction in a felony case,
consistent with Article 1.15, based upon a plea of guilty without sufficient
evidence to support the same.  Evidence offered in support of a guilty plea may
take many forms.  The statute expressly provides that the defendant may consent
to the proffer of evidence in testimonial or documentary form, or to an oral or
written stipulation of what the evidence against him would be, without
necessarily admitting to its veracity or accuracy; and such a proffer or
stipulation of evidence will suffice to support the guilty plea so long as it
embraces every constituent element of the charged offense.  

 

Alternatively, our case law has recognized that the
defendant may enter a sworn written statement, or may testify under oath in
open court, specifically admitting his culpability or at least acknowledging
generally that the allegations against him are in fact true and correct; and
again, so long as such a judicial confession covers all of the elements of the
charged offense, it will suffice to support the guilty plea.  However, a
stipulation of evidence or judicial confession that fails to establish every
element of the offense charged will not authorize the trial court to convict. 
A conviction rendered without sufficient evidence to support a guilty plea
constitutes trial error.

 

Menefee v. State, 287 S.W.3d 9, 13-14 (Tex.
Crim. App. 2009) (internal footnotes, citations, and quotation marks omitted). 
“‘[A]n affirmation of the indictment as true and correct will constitute a
judicial confession sufficient to support a judgment of conviction.’”  Id.
at 16 n.30 (quoting Potts v. State, 571 S.W.2d 180, 182 (Tex. Crim. App.
1978)).

B.   Discussion

In this case, Martinez was
charged with violating section 46.04(a) of the penal code, which provides that:

A
person who has been convicted of a felony commits an offense if he possesses a
firearm:

 

(1)  after
conviction and before the fifth anniversary of the person’s release from
confinement following conviction of the felony or the person’s release from
supervision under community supervision, parole, or mandatory supervision,
whichever date is later; or

 

(2)  after
the period described in Subdivision (1), at any location other than the
premises at which the person lives.

 

Tex. Penal
Code Ann. § 46.04(a).  Martinez stipulated to the evidence contained in
State’s exhibit 1, which included all of the police reports pertaining to this
incident.  In those reports, police described statements made by the various
eyewitnesses—Deleon, Murphy, Gonzalez, and Wright—who identified Martinez as
the individual who shot a gun four or five times outside his residence and then
attempted to dispose of the gun’s shell casing by throwing them into the
sewer.  Moreover, the State tendered copies of the judgments for Martinez’s
prior convictions, which included, among others, a felony conviction for
indecency with a child.  Thus, the evidence is sufficient to prove that
Martinez was a convicted felon and that he was in possession of a firearm on
the evening of February 26, 2009.  Nevertheless, we must closely examine
whether the evidence satisfies the five-year time period prescribed in section
46.04(a)(1).  See id. § 46.04(a)(1).  

The judgment used to
support Martinez’s conviction under section 46.04—the indecency-with-a-child
offense—reflects that Martinez was convicted on February 23, 2000, and that he
received a five-year prison sentence with sixty-eight days of credit for time
served.  It is not clear from the record before us when Martinez was released
from confinement on the indecency-with-a-child offense.  Nevertheless, it is of
particular importance that Martinez signed a judicial confession and
stipulation which provided the following:

On this day in open Court, I, OSCAR MARTINEZ, waive my
right against self-incrimination and hereby judicially confess that on or about
FEBRUARY 26, 2009, in Nueces County, Texas, did then and there, having
been convicted of the felony offense of INDECENCY WITH A CHILD on FEBRURY [sic]
23, 2000, in cause number 830884 in the 263RD DISTRICT COURT of HARRIS County,
Texas, entitled the State of Texas vs. OSCAR SALDANA Martinez; intentionally or
knowingly possess a firearm before the fifth anniversary of my release from
confinement or supervision under community supervision or parole or mandatory
supervision following conviction of said felony.

 

I hereby agree and stipulate that the facts contained in
this instrument and its attached exhibits, if any, are true and correct.  

  

(Emphasis in original.)  Clearly, in his judicial
confession and stipulation, Martinez specifically confesses to possessing a
firearm before the fifth anniversary of his release for the
indecency-of-a-child conviction.  And as noted above, such a confession is
sufficient to support the trial court’s finding of guilt with respect to the
five-year time period prescribed in section 46.04(a)(1).  See Menefee,
287 S.W.3d at 13-14, 16 n.30; see also Potts, 571 S.W.2d at 182. 

            Because the stipulation of evidence and
Martinez’s judicial confession addressed every constituent element of the
charged offense, we conclude that the evidence supporting Martinez’s guilty
plea is sufficient.  See Menefee, 287 S.W.3d at 13-14, 16 n.30; Potts,
571 S.W.2d at 182; see also Garza v. State, No. 13-09-178-CR, 2010 Tex.
App. LEXIS 2117, at **12-14 (Tex. App.–Corpus Christi Mar. 25, 2010 no pet.)
(mem. op., not designated for publication).  Martinez’s first issue is
overruled.

III.          
Ineffective Assistance of Counsel

In his second issue, Martinez
contends that his trial counsel was ineffective because counsel did not present
any mitigating evidence at the punishment hearing.  The State counters that
Martinez has failed to demonstrate that his trial counsel was ineffective for
failing to present any mitigation evidence because:  (1) he did not file a
motion for new trial raising the issue; and (2) he does not explain on appeal
what witnesses and evidence were available and would have benefitted him at the
punishment hearing. 

A.   Applicable Law

To establish ineffective
assistance of counsel, Martinez must show:  (1) his attorney’s representation
fell below an objective standard of reasonableness; and (2) there is a
reasonable probability that, but for his attorney’s errors, the result of the
proceeding would have been different.  See Strickland v. Washington, 466
U.S. 668, 684 (1984); Dewberry v. State, 4 S.W.3d 735, 757 (Tex. Crim.
App. 1999) (holding that appellant must show a reasonable probability that, but
for counsel’s errors, the fact-finder would have had a reasonable doubt as to
appellant’s guilt); Jaynes v. State, 216 S.W.3d 839, 851 (Tex.
App.–Corpus Christi 2006, no pet.).  Whether this test has been met is to be
judged on appeal by the totality of representation, not by any isolated acts or
omissions.  Jaynes, 216 S.W.3d at 851.  Martinez has the burden of
proving ineffective assistance of counsel by a preponderance of the evidence.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing Cannon v.
State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).

Our review of counsel’s
representation is highly deferential, and we will find ineffective assistance
only if Martinez overcomes the strong presumption that his counsel’s conduct
fell within the range of reasonable professional assistance.  See Strickland,
466 U.S. at 689; Jaynes, 216 S.W.3d at 851.  The right to “reasonably
effective assistance of counsel” does not guarantee errorless counsel or
counsel whose competency is judged by perfect hindsight.  Saylor v. State,
660 S.W.2d 822, 824 (Tex. Crim. App. 1983).  Moreover, the acts or omissions
that form the basis of Martinez’s claims of ineffective assistance must be
supported by the record.  Thompson, 9 S.W.3d at 814; Jaynes, 216
S.W.3d at 851.  A silent record which provides no explanation for counsel’s
actions usually will not overcome the strong presumption of reasonable
assistance.  Thompson, 9 S.W.3d at 813-14.  To warrant reversal without
affording counsel an opportunity to explain her actions, “the challenged conduct
must be ‘so outrageous that no competent attorney would have engaged in it.’”  Roberts
v. State, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

B.   Discussion

At the outset of our
analysis of Martinez’s second issue, we note that Martinez did not file a
motion for new trial; thus, a hearing was not conducted to allow Martinez’s
trial counsel an opportunity to explain her trial strategy.[5]  See Smith v.
State, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009) (citing State v.
Gonzalez, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993) (plurality opinion))
(noting that the purpose of a hearing to consider a motion for new trial is to
decide whether to retry the case and, in the event the motion is denied, to
prepare a record for presenting issues on appeal).  Given that a silent record
ordinarily will not overcome the strong presumption of reasonable assistance,
we will review Martinez’s appellate complaint to determine whether trial
counsel’s alleged failure to present any mitigating evidence during the
punishment hearing was “so outrageous that no competent attorney would have
engaged in it.”  See Roberts, 220 S.W.3d at 533; Goodspeed, 187
S.W.3d at 392; Thompson, 9 S.W.3d at 813-14.

Texas courts have held
that counsel’s failure to present evidence at the punishment hearing is
irrelevant absent a showing that mitigating evidence was available and that the
defendant would have benefitted from the evidence.  See Ex parte White,
160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (“To obtain relief on an ineffective
assistance of counsel claim based on an uncalled witness, the applicant must
show that [the witness] had been available to testify and that his testimony
would have been of some benefit to the defense.”); King v. State, 649
S.W.2d 42, 44 (Tex. Crim. App. 1983) (declining to find counsel ineffective for
failing to call witnesses during punishment where appellant did not demonstrate
that the witnesses were available or how he would benefit from their
testimony); Rangel v. State, 972 S.W.3d 827, 835-36 (Tex. App.–Corpus
Christi 1998, pet. ref’d) (declining to find counsel ineffective where counsel
failed to call witnesses during the guilt-innocence phase because appellant
failed to show that there were witnesses available which could have provided
helpful testimony); see also Ex parte Woods, 176 S.W.3d 224, 226 (Tex.
Crim. App. 2005) (stating that “Strickland does not require defense
counsel to investigate each and every potential lead, or present any mitigating
evidence at all . . . .”).

In the instant case,
Martinez has not listed any witnesses or evidence that trial counsel could have
used as mitigating evidence during the punishment hearing, nor has he explained
how such evidence would have benefitted him during the punishment hearing.  See
Ex parte White, 160 S.W.3d at 52; King, 649 S.W.2d at 44; Rangel,
972 S.W.3d at 835-36; see also Ex parte Woods, 176 S.W.3d at 226.  Because
Strickland does not require trial counsel to present mitigating evidence
and because Martinez has not listed any witnesses or evidence that trial
counsel could have used and how it would have benefitted him during the
punishment hearing, we cannot say that trial counsel’s alleged error was so
outrageous that no competent attorney would have engaged in it.  See Ex
parte Woods, 176 S.W.3d at 226; Ex parte White, 160 S.W.3d at 52;
King, 649 S.W.2d at 44; Rangel, 972 S.W.3d at 835-36; see also Roberts,
220 S.W.3d at 533; Goodspeed, 187 S.W.3d at 392.  Thus, Martinez has not
satisfied his burden in demonstrating that trial counsel’s representation was
ineffective.[6] 
See Strickland, 466 U.S. at 684; Thompson, 9 S.W.3d at 813. 
Accordingly, we overrule Martinez’s second issue.

IV.         
Conclusion

Having overruled both of
Martinez’s issues on appeal, we affirm the judgment of the trial court.

____________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Do not
Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the


24th day of March, 2011.

 

 









[1] The nearby
apartment from where the shots were fired is owned by Deleon, and he rented the
apartment to Garcia.





[2] Police tested
Martinez’s hands for residue of gun powder; however, the results of this test
were not included in the record.

 





[3] Among Martinez’s
prior convictions included judgments indicating that he had been convicted of: 
(1) second-degree-felony burglary of a habitation on November 9, 2000; (2)
state-jail-felony burglary of a building on November 15, 2000; (3) misdemeanor
criminal mischief on November 6, 2000; (4) state-jail-felony evading arrest
with a motor vehicle on March 30, 2007; (5) misdemeanor assault on May 4, 2008;
and (6) second-degree-felony indecency with a child on February 23, 2000.  

 





[4] Article 1.15 of
the code of criminal procedure provides, in relevant part, that:

 

No person can be
convicted of a felony except upon the verdict of a jury duly rendered and
recorded, unless the defendant, upon entering a plea, has in open court in
person waived his right of trial by jury in writing in accordance with Articles
1.13 and 1.14; provided, however, that it shall be necessary for the [S]tate to
introduce evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment and in no
event shall a person charged be convicted upon his plea without sufficient
evidence to support the same.   

 

Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005).





[5] On appeal,
Martinez argues that he could not file a motion for new trial because he was
appointed counsel more than thirty days after the judgment was signed.  See
Tex. R. App. P. 21.4(a) (providing
that a motion for new trial must be filed within thirty days of the date the
trial court imposes the defendant’s sentence in open court).  In any event, we
still consider Martinez’s ineffective assistance claim despite the silent
record on counsel’s actions because we must determine whether the challenged
conduct is so outrageous that no competent attorney would have engaged in it.  See
Roberts v. State, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007); see also
Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).





[6] It is noteworthy
that, in his judicial confession and stipulation, Martinez stated that he was
“satisfied with [his] attorney’s representation.”