# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-17-00699-CR

**James Fountain, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. D-1-DC-13-300388, HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James Fountain appeals his conviction for the third-degree felony of fraudulent possession of a controlled substance. *See* Tex. Health & Safety Code § 481.129(a)(5). In his only issue on appeal, Fountain contends that his sentence is outside the punishment range for fraudulently "attempting" to obtain a controlled substance. We will affirm the district court's judgment.

## BACKGROUND

The record reflects that Fountain pleaded guilty in 2013 to the offense of "obtain[ing a] controlled substance by fraud" by using a false or forged prescription form to obtain Alprazolam. *See id*. The district court assessed punishment at ten years' imprisonment but suspended imposition of the sentence and placed Fountain on community supervision for five years in accordance with the terms of his plea agreement. At a subsequent hearing on the State's motion to revoke, the district court found that Fountain violated the terms of his community supervision, revoked his community

supervision, and sentenced him to three years' imprisonment. Fountain filed a motion for new trial that was overruled by operation of law. This appeal followed.

## DISCUSSION

As noted above, Fountain was convicted of fraudulent possession of a controlled substance, a third-degree felony. *See id.* On appeal, Fountain contends that his original sentence of ten years pursuant to his plea agreement and his subsequent sentence of three years upon the revocation of his community supervision were illegal because those sentences were outside the applicable range of punishment. Specifically, Fountain contends that because the State alleged an "attempt" to possess or obtain a controlled substance through the use of a fraudulent prescription form, he was convicted only of the offense of criminal attempt, which is not a third-degree felony but a state jail felony. *See* Tex. Penal Code § 15.01(d).

The State responds that Fountain's sentences are within the legal range of punishment, even if the conduct that he was charged with committing and to which he pleaded guilty was only an "attempt" to obtain a controlled substance by fraud rather than actually obtaining it. The State notes that Fountain judicially confessed to obtaining a controlled substance. The State also notes that under subsection 481.129(a)(5) of the Texas Health and Safety Code, "attempted fraudulent possession of a controlled substance" and "fraudulent possession of a controlled substance" are treated equally and are completed offenses. *See* Tex. Health & Safety Code § 481.129(a)(5).

An illegal sentence is one that is not authorized by law; therefore, a sentence that is outside the range of punishment authorized by law is considered illegal. *Ex parte Parrott*,

2

396 S.W.3d 531, 534 (Tex. Crim. App. 2013) (citing *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)). If the punishment pursuant to a negotiated plea agreement exceeds the statutory maximum, the proper relief is to return the parties to their respective positions before the guilty plea was entered. *Puente v. State*, 320 S.W.3d 352, 356 n.8 (Tex. Crim. App. 2010) (citing *Ex parte Rich*, 194 S.W.3d 508, 515 (Tex. Crim. App. 2006); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996)). Whether a sentence exceeds the range of punishment authorized by statute is a question of law that we review de novo. *See Yazdchi v. State*, 428 S.W.3d 831, 837 (Tex. Crim. App. 2014) (concluding that because statutory construction is question of law, appellate review of lower court's interpretation of statute is de novo); *see also Doughty v. State*, No. 01-13-00591-CR, 2014 Tex. App. LEXIS 11769, at *2 (Tex. App.—Houston [1st Dist.] Oct. 28, 2014, no pet.) (mem. op., not designated for publication) (reviewing de novo legal question of whether trial court's special orders constituted punishment exceeding that which was statutorily authorized).

**No illegal sentence**

Fountain's indictment included an allegation that he "did then and there knowingly attempt to possess or obtain a controlled substance, namely, Alprazolam, by fraud, to-wit: James Fountain obtained a controlled substance through the use of a fraudulent prescription form[.]" That allegation was consistent with section 481.129(a)(5) of the Health and Safety Code, which provides in relevant part:

(a) A person commits an offense if the person knowingly:

. . . .

3

(5) possesses, obtains, or attempts to possess or obtain a controlled substance or an increased quantity of a controlled substance:

    (A)  by misrepresentation, fraud, forgery, deception, or subterfuge; [or]

    (B)  through use of a fraudulent prescription form[.]

Tex. Health & Safety Code § 481.129(a)(5)(A), (B).  The Health and Safety Code further provides that an offense under subsection 481.129(a) is "a felony of the third degree if the controlled substance that is the subject of the offense is listed in Schedule III or IV[.]"  *Id*. § 481.129(d)(2). Fountain acknowledges that Alprazolam, the controlled substance identified in his indictment, "is listed in schedule IV."  *See id*. § 481.032; 37 Tex. Reg. 978 (2012) (listing Alprazolam as Schedule IV controlled substance) (current version at 42 Tex. Reg. 1271 (2017)).  A third-degree felony is punishable by "imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years."  Tex. Penal Code § 12.34(a).

**1. Fountain judicially confessed that he obtained controlled substance**

Fountain contends that his sentence was illegal because he was convicted only of the offense of criminal attempt under section 15.01 of the Penal Code and under that statute, "[a]n offense . . . is one category lower than the offense attempted." *See id.* §15.01(d). However, Fountain judicially confessed to the allegation in the indictment that he actually obtained the controlled substance. *See Potts v. State*, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978) (concluding that "an affirmation of the indictment as true and correct will constitute a judicial confession sufficient to support a judgment of conviction"); *accord Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (recognizing that "so long as such a judicial confession covers all the elements of the charged

4

offense, it will suffice to support the guilty plea"). Fountain's indictment alleged both that he attempted to obtain the controlled substance and that he actually obtained it: "James Fountain obtained a controlled substance through the use of a fraudulent prescription form[.]" Fountain's written plea of guilty shows that he was charged with the felony offense of "obtain[ing a] controlled substance by fraud" and in that plea Fountain states, "I admit and judicially confess that I committed the charged offense as alleged in the indictment or information." Similarly, Fountain's judgment of community supervision contains the district court's finding that Fountain "is guilty as confessed of the offense of <u>Obtain Controlled Substance by Fraud, Felony-Level 3</u>."

Fountain points out that during the plea hearing, the district court stated that it found him guilty of the offense of fraudulently "attempting" to obtain a controlled substance. But during the same hearing, when the court asked Fountain if he was prepared to enter a plea to the charge of "fraudulently obtaining a controlled substance, a third-degree felony," Fountain responded, "Yes, sir." We conclude that Fountain's judicial confession to the charged offense as alleged in the indictment resulted in his conviction for the third-degree felony offense of obtaining a controlled substance by fraud. His original sentence of ten years pursuant to his plea agreement and his subsequent sentence of three years upon the revocation of his community supervision were within the proper range of punishment for that offense. *See* Tex. Penal Code § 12.34(a).

### 2. Attempt to possess or obtain controlled substance defined as offense by statute

Further, even if Fountain had been convicted only of attempting to possess or obtain a controlled substance by fraud, the criminal attempt statute in section 15.01 of the Penal Code would have no application here. Section 15.01 of the Penal Code—which applies only to inchoate

offenses—states that "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." *Id*. § 15.01(a). "Conduct constitutes an offense if it is defined as an offense by statute." *Edwards v. State*, 487 S.W.3d 330, 334 (Tex. App.—Eastland 2016, no pet.) (quoting *Oler v. State*, 998 S.W.2d 363, 367 (Tex. App.—Dallas 1999, pet. ref'd) (citing Tex. Penal Code § 1.03(a)).

Under subsection 481.129(a)(5) of the Health and Safety Code, both attempted fraudulent possession of a controlled substance and actual fraudulent possession of a controlled substance are defined as offenses and treated equally. *See* Tex. Health & Safety Code § 481.129(a)(5)(A), (B) (stating that person commits offense if he knowingly "possesses, obtains, or attempts to possess or obtain" controlled substance by fraud or by use of fraudulent prescription form); *Edwards*, 487 S.W.3d at 334 (noting that punishment depends on classification of controlled substance that actor possesses or attempts to possess, not on whether actor is successful in obtaining possession). An "attempt" to possess or obtain a controlled substance by fraud or through the use of a fraudulent prescription form is a completed offense—not an inchoate offense—that is expressly prohibited by the statute. *See* Tex. Health & Safety Code § 481.129(a)(5)(A), (B); *Edwards*, 487 S.W.3d at 334 (concluding that charge of attempt to possess is completed offense under section 481.129(a)(5), carrying same penalty as actually possessing controlled substance by fraudulent means, and that such charge is inconsistent with criminal attempt under section 15.01 of Penal Code); *see also Velazquez v. State*, No. 11-14-00354-CR, 2016 Tex. App. LEXIS 13857, at \*10–11 (Tex. App.—Eastland Dec. 30, 2016, pet. ref'd) (mem. op., not designated for publication) (noting

that attempt to possess controlled substance by fraudulent means is not conduct that fails to effect commission of offense). Thus, the criminal attempt statute in section 15.01 of the Penal Code—addressing acts that "fail[] to effect the commission of the offense intended"—has no application here. *See* Tex. Penal Code § 15.01(a); *Edwards*, 487 S.W.3d at 335 (noting that "Section 15.01 does not apply to an 'attempt to possess' charge brought under Section 481.129(a)(5)").

Fountain relies on *Thomas v. State*, 516 S.W.3d 498 (Tex. Crim. App. 2017), and *Shannon v. State*, 708 S.W.2d 850 (Tex. Crim. App. 1986), in support of his contention that his sentences were illegal. But the holdings in those cases address the proper remedy to be applied once a defendant has prevailed on his claim of an illegal sentence. *See Thomas*, 516 S.W.3d at 504; *Shannon*, 708 S.W.2d at 852. Those cases say nothing about the proper punishment range for an attempt to possess or obtain a controlled substance and offer no support for Fountain's only issue here, i.e., that the sentences imposed under the terms of his plea bargain and after the revocation of his community supervision exceeded the statutory punishment range for his offense and were illegal.

We conclude that Fountain's ten-year and three-year sentences did not exceed the applicable range of punishment for his charged offense and thus, were not illegal. *See* Tex. Penal Code § 12.34(a). We overrule Fountain's appellate issue.

## CONCLUSION

We affirm the district court's judgment revoking Fountain's community supervision.

_____
Jeff Rose, Chief Justice

7

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   August 3, 2018

Do Not Publish