**Opinion filed October 30, 2020**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-18-00089-CR

_____

### TIMOTHY PATRICK LEE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 17-4721**

### M E M O R A N D U M   O P I N I O N

On March 23, 2017, in accordance with a plea agreement, Timothy Patrick Lee, Appellant, pleaded guilty to the offense of burglary of a building. In accordance with that plea agreement, the trial court deferred adjudication of Appellant's guilt and placed him on community supervision for five years and assessed a fine of $500. As a part of his community supervision, the trial court ordered that Appellant pay certain fees and costs as well as restitution of $3,000 to the victim of the burglary.

Less than one year later, the State filed an application to adjudicate Appellant's guilt and to revoke his community supervision. The State alleged that Appellant had failed to report as directed, had failed to pay various fees and costs as ordered, and had failed to pay restitution. The State also alleged that Appellant had committed another criminal offense while on community supervision.

After the trial court conducted a hearing on the State's motion to adjudicate, it found that Appellant had violated the terms of his community supervision, found Appellant guilty of the offense of burglary of a building, sentenced him to confinement in a State Jail Facility of the Texas Department of Criminal Justice for eighteen months, and imposed a fine of $500. The trial court again also ordered Appellant to pay the original fine of $500 and restitution of $3,000. We affirm.

Appellant has chosen to proceed pro se in this court and presents us with eleven issues on appeal. In seven of those issues—Issues One through Six and Issue Nine—Appellant asserts seven different instances in which he claims that his trial counsel rendered ineffective assistance. In Appellant's seventh issue on appeal, he claims that his lawyer forced him to testify. In his eighth issue on appeal, Appellant in essence argues that the trial judge was not impartial. In Issue Ten, Appellant asserts that the trial court erred when it did not conduct a separate punishment hearing after it had adjudicated his guilt. Finally, in Issue Eleven, Appellant makes the argument that the trial court erred when it denied Appellant's motion in arrest of judgment.

There is no challenge to the sufficiency of the evidence. Therefore, we confine our recitation of the facts only to those necessary to a resolution of this appeal.

Liz Vasquez, a Gaines County community supervision officer, testified at the hearing on the State's application to adjudicate. Vasquez was

Appellant's community supervision officer. Vasquez testified that, as a condition of his community supervision, Appellant was to report to her once per month. However, Appellant did not report for the month of May 2017. Vasquez testified that Appellant did report in June, but she was informed in July that he had been placed in custody. Appellant paid nothing on his fines, court costs, or fees for the months of April, May, June, July, August, September, October, and November 2017. Additionally, Appellant completed only fourteen of his required 240 hours of community service, and he did not complete a required substance abuse evaluation.

Stacy Marquez, an investigator for the Gaines County District Attorney, also testified at the hearing on the application to adjudicate; she is a fingerprint expert. Marquez testified that Appellant's fingerprint taken on the day of the hearing matched the fingerprint on a judgment that reflected that Appellant had been convicted in Lubbock County of the offense of fraudulent use or possession of identifying information. The Lubbock County offense occurred during the time that Appellant was on community supervision in Gaines County.

Appellant was the only witness presented by the defense at the hearing on the motion to adjudicate. He testified that he had pleaded guilty to the charge in Lubbock County but that his attorney had not provided him with adequate counsel and that Appellant had filed a writ of habeas corpus to "appeal" the judgment. Appellant testified that he had not had the money to pay the various amounts that the trial court had ordered him to pay because he did not have a steady job and had only been working at various "odd jobs." He further explained that he did not complete more community service hours because he was only on community supervision for about one month before he was incarcerated. Appellant also admitted to the trial court that he had used illegal drugs after he was placed on

community supervision, specifically marihuana and amphetamines. Appellant also testified that he was willing to take advantage of rehabilitation services.

At the conclusion of the hearing, the trial court found Appellant guilty of the offense of burglary of a building and assessed Appellant's punishment as we have earlier set forth. The record reflects that Appellant filed an untimely motion for new trial and that the trial court denied it. This appeal followed.

The same standards of review apply to each of Appellant's issues on appeal that relate to complaints as to ineffective assistance of counsel. Therefore, we will discuss those issues, Issues One through Six and Issue Nine, together.

Generally, to determine whether Appellant's counsel rendered ineffective assistance, we must first determine whether Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Strickland*, 466 U.S. at 694; *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). Further, we must indulge a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance, and Appellant must overcome the presumption that the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

"We review the totality of the evidence when evaluating Appellant's ineffectiveness claim." *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010). Further, allegations of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged

4

ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Typically, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient to overcome the presumption that counsel's conduct was reasonable and professional. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Mallett v. State*, 65 S.W.3d 59, 64–65 (Tex. Crim. App. 2001).

"[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). "If trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Edwards v. State*, 487 S.W.3d 330, 337–38 (Tex. App.—Eastland 2016, no pet.) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). In addition, if an appellant makes an insufficient showing of one component of the *Strickland* test, there is no need for the court to address the other because an appellant must make a sufficient showing of both to be successful. *Strickland*, 466 U.S. at 697.

The trial court overruled Appellant's pro se motion for new trial because it was untimely. There has been no challenge to that ruling. That being true, there was no hearing on Appellant's motion for new trial.

The allegations that Appellant makes in his brief regarding ineffective assistance of counsel find no factual support in the record and are nothing more than that, bare allegations. Allegations of ineffective assistance of counsel must be firmly founded in the record. *Thompson*, 9 S.W.3d at 814. Beyond the allegations, there is nothing in this record to show that trial counsel erroneously advised Appellant as to a plea bargain, that trial counsel did not call witnesses as he told Appellant he would do, that trial counsel withheld witnesses and evidence from Appellant and from the trial court, that trial counsel did not properly investigate the facts of the

case, that trial counsel did not present a proper defense or provide an adversarial testing of the State's case, that trial counsel did not maintain professional conduct, or that trial counsel was ineffective in any posttrial proceedings.

Furthermore, even if there were any support in the record for Appellant's allegations, trial counsel was not given the opportunity to explain any of the allegations. As we have said, "Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander*, 101 S.W.3d at 111. We have also noted that, "[i]f trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Edwards*, 487 S.W.3d at 337–38 (quoting *Garcia*, 57 S.W.3d at 440). We can find no such outrageous conduct in this record.

As to Appellant's claims that trial counsel failed to call potential witnesses, we also point out that there is nothing in this record to show that the witnesses were available or that their testimony would have been beneficial to Appellant. *See Perez*, 310 S.W.3d at 894 (attorney's failure to call witnesses irrelevant without a showing that witnesses were available and that the appellant would benefit from their testimony).

In the absence of anything in the record to support Appellant's claims as to ineffective assistance of counsel, we overrule Issues One through Six as well as Issue Nine.

In his seventh issue on appeal, Appellant maintains that trial counsel forced him to testify. As with Appellant's claims of ineffective assistance of counsel, we can find nothing in this record to show that counsel forced Appellant to testify. In the absence of any such support in the record, we overrule Appellant's seventh issue on appeal.

6

Impartiality of the trial court is the subject of Appellant's eighth issue on appeal. Citing to *Vickers*, the State argues that, "[a]bsent clear evidence of bias or partiality found within the appellate record, a trial judge is presumed to have acted as a neutral and detached officer." *Vickers v. State*, 467 S.W.3d 90, 96 (Tex. App.—Texarkana 2015, pet. ref'd) (citing *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006)).

Appellant appears to make two arguments in his eighth issue on appeal. In one of those arguments, Appellant claims that, under Article 26.04 of the Texas Code of Criminal Procedure, a trial court is prohibited from appointing attorneys for indigent defendants. To the contrary, Article 26.04(b) merely provides an alternative that allows a trial court the option to utilize a designee to handle the appointment chores should the trial court so choose. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(b) (West Supp. 2020).

In his second argument in the eighth issue on appeal, Appellant contends that the trial court was not impartial because the attorney that the trial court appointed to represent Appellant was related to the trial court. There is a complete absence of any support in the record for that claim.

We overrule Appellant's eighth issue on appeal.

In Appellant's tenth issue on appeal, he argues that the trial court erred when it failed to conduct a separate punishment hearing after it adjudicated Appellant's guilt. Generally, in order to preserve an issue for appellate review, the record must show that a "complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a). In order to preserve a complaint regarding the lack of a separate punishment hearing after the adjudication of guilt, a defendant

must preserve error by bringing the matter to the attention of the trial court. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). A timely filed motion for a new trial would also preserve for appellate review a complaint about a trial court's failing to conduct a punishment hearing after a revocation of community supervision. *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).

Although no objection was lodged after the trial court had assessed Appellant's punishment, Appellant asked the trial court, "Is there any way that you would suspend the sentence?" The trial court replied, "No. I've revoked your probation. That's what a suspended sentence is. That's how you were on probation."

In a supplement to his brief, Appellant argues that this exchange constituted an objection and the trial court's ruling on the objection. We disagree. Appellant's inquiry was not sufficiently specific to advise the trial court that Appellant objected to proceeding without a separate punishment hearing. Indeed, Appellant asked if the sentence that was already imposed could be suspended. He neither objected to the sentencing nor did he request a separate punishment hearing. We overrule Appellant's tenth issue on appeal.

As we understand Appellant's eleventh issue on appeal, he claims that the trial court erred when it overruled his motion in arrest of judgment. We have searched the record and are unable to find this motion. However, if Appellant claims, as we believe he does in the supplement to his brief, that his motion in arrest of judgment should be granted based on the ineffective assistance of his trial counsel, his motion must fail.

A motion in arrest of judgment is essentially a posttrial motion to quash the indictment and must be based on the "'face of the record'—the indictment, plea, verdict, and sentence." *State v. Savage*, 905 S.W.2d 268, 269 (Tex. App.—San Antonio 1994), *aff'd*, 933 S.W.2d 497 (Tex. Crim. App. 1996) (citing *United*

8

*States v. Sisson*, 399 U.S. 267, 280–82 (1970)).  It cannot be grounded on proof offered at trial.  *Id.*  Because Appellant's claim of ineffective assistance of counsel is not based on the face of the record, Appellant has not presented an appropriate ground for relief.  TEX. R. APP. P. 22.2.  We overrule Appellant's eleventh issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE

October 30, 2020

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.